UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-02358-MRA (DFM) | Date: | August 20, 2025 |
|---|---|---|---|
| Title | Stephen Samuel Paradise v. The State of California, et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re Service

The Court's review of the docket shows that Plaintiff has not properly served several Defendants in this action, including Noozhawk, CalCoast News, Joshua Friedman, Karen Velie, Tom Bolton, and Will McFadden (collectively, the "News Reporter Defendants") and the British Consulate of Los Angeles and Allison Langan (collectively, the "British Consulate Defendants"). The declarations of non-service and proofs of service, dated before the Clerk issued summonses in this case, do not show that Plaintiff has adequately served these Defendants with the Clerk-issued summonses and the operative complaint. See Dkts. 123-2, 123-7, 123-16, 123-18, 124-2, 124-5, 124-8, 124-9.

"If a defendant is not served within 90 days after the complaint is filed, the court—on its own motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court "must extend" the time for service if the plaintiff shows good cause for the failure. Id. "This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]" Id. "Nevertheless, the time to serve a defendant in a foreign country is not unlimited." United Financial Casualty Co. v. R.U.R. Trans., Inc., No. 22-333, 2022 WL 16747283, at *3 & n.1 (S.D. Cal. Nov. 7, 2022) (collecting cases imposing "reasonable limits on the time to effect service in a foreign country under the court's inherent authority to manage its docket.").

Accordingly, the Court ORDERS as follows:

1. **Plaintiff is ORDERED to show cause within fourteen (14) days why the News Reporter Defendants should not be dismissed from this action for failure to effectuate service.** Plaintiff's filing of the proof of service of the Clerk-issued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

summonses and operative complaint on these Defendants is sufficient to discharge this order.

2. **Plaintiff is ORDERED to accomplish service on the British Consulate Defendants on or before September 12, 2025.**[1] If Plaintiff is unable to accomplish service by the September 12, 2025 deadline, he shall file a status report, detailing efforts made to serve the British Consulate Defendants.

Failure to respond may result in a recommendation that these Defendants be dismissed from the instant action.

---

[1] The Court notes that the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1608, governs service of process on a foreign state, including a political subdivision, agency, or instrumentality thereof. See Fed. R. Civ. P. 4(j)(1) ("A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608."); Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1517 (9th Cir. 1987) (finding that the Mexican Consulate "falls within the definition of a foreign state because it is 'a separate legal person' that is 'an organ of a foreign state or political subdivision thereof'").